**Junior A. CABRERA, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

**No. 05–4087.**

United States Court of Appeals,
Second Circuit.

June 9, 2006.

Junior A. Cabrera, Bayshore, N.Y. (on submission), pro se.

Heidi A. Wendel, Assistant United States Attorney, (Michael J. Garcia, United States Attorney; Sue Chen, Special Assistant United States Attorney, on the brief), New York, N.Y. (on submission), for respondent.

PRESENT: Hon. DENNIS JACOBS, Hon. B.D. PARKER, Circuit Judges and LORETTA A. PRESKA, District Judge.[*]

### SUMMARY ORDER

Petitioner Junior A. Cabrera petitions for review of the June 28, 2005 decision of the Board of Immigration Appeals ("BIA"), denying his motion to reopen and reconsider the BIA's April 29, 2005 decision affirming, without opinion, the January 22, 2004 decision and order of an Immigration Judge ("IJ") finding Cabrera ineligible for any relief from removal because he was convicted of a drug offense and aggravated felony and ordering him removed from the United States. Cabrera was convicted for the criminal sale of a controlled substance (cocaine) in the second degree, in violation of section 220.41–01 of the New York Penal Law. Familiari-

ty is assumed as to the facts, procedural context, and issues specified for review.

Cabrera did not file a timely petition for review from the BIA's April 29, 2005 summary affirmance but rather filed a motion on May 27, 2005, with the BIA to reopen or reconsider its decision. "It is [ ] well—established that the filing of a motion to reopen does not toll the time for filing a petition for review of the BIA's final exclusion or deportation orders. . . ." *Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005) (per curiam) (citing *Stone v. INS*, 514 U.S. 386, 405–06, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995)). Thus, we are precluded from passing on the merits of the underlying exclusion proceedings, and, instead, we must confine our review to the denial of Cabrera's motion to reopen or reconsider. *See Paul v. Gonzales*, 444 F.3d 148, 153 (2d Cir.2006).

We review the BIA's denial of a motion to reopen and reconsider for abuse of discretion. *See Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir.2006) *(per curiam)*; *Kaur*, 413 F.3d at 233. "An abuse of discretion may be found in those circumstances where the Board's decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. DOJ*, 265 F.3d 83, 93 (2d Cir.2001) (internal citation omitted).

Our review of Cabrera's petition is further limited by the fact that he is a deportable criminal alien. Under the REAL ID Act of 2005, Pub.L. No. 109–13, 119 Stat. 231, 302 (2005), we lack jurisdiction "to review any final order of removal against an alien who is removable by reason of

[*] The Honorable Loretta A. Preska, United States District Court for the Southern District of New York, sitting by designation.

having committed [certain drug and aggravated felony] criminal offense[s][,]" except insofar as review entails "constitutional claims or questions of 26 law[.]" 8 U.S.C. § 1252(a)(2)(C), (D). Cabrera does not expressly characterize as "constitutional" his claims concerning the BIA's denial of his motion to reopen and reconsider its decision dated April 29, 2005, but they might arguably be deemed constitutional: Cabrera argues that the BIA failed to consider the hardship his deportation would create for his family and that the BIA failed to treat him similarly to similarly situated aliens.

Assuming that Cabrera's arguments rise to the level of claims over which we have jurisdiction, the BIA did not abuse its discretion. Cabrera is statutorily ineligible for any form of relief from removal under the Immigration and Nationality Act ("INA") because he was convicted of an aggravated felony and a violation of a law relating to controlled substances. *See Guaylupo–Moya v. Gonzales*, 423 F.3d 121, 124 (2d Cir.2005) ("Section 348(a) of [the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA")] amended section 212(h) to preclude family hardship waivers for lawful permanent residents convicted of an 'aggravated felony....'"); 8 U.S.C. § 1182(h) ("No waiver shall be granted ... in the case of an alien who has previously been admitted to the United States as an alien lawfully admitted for permanent residence if ... the alien has been convicted of an aggravated felony ...."); *see also Gousse v. Ashcroft*, 339 F.3d 91, 94 (2d Cir.2003) (aggravated felonies include "illicit trafficking in a controlled substance"). Cabrera therefore is not similarly situated to a respondent who has been granted relief from removal. Cf. *In re K–A–*, 23 I & N Dec. 661, 662, 2004 WL 1941261 (BIA 2004) (alien—who, unlike Cabrera, was not a permanent resi-

dent—had been granted asylum and did not have a drug conviction); *In re Recinas*, 23 I & N Dec. 467, 473, 2002 WL 31173154 (BIA 2002) (alien had no criminal convictions).

The BIA did not abuse its discretion in finding that Cabrera was ineligible for relief under the Convention Against Torture because he cannot establish that any pain he may suffer (as a result of the alleged shortage of medical supplies in the Dominican Republic) would be intentionally inflicted or that it would be inflicted at the hands of a "public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1).

For the reasons set forth above, the petition for review is **DENIED.**